## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6278 | **DATE** | 12/11/2007 |
| **CASE TITLE** | Kuwandis D. Davis (#18880-424) vs. Matthew L. Mahoney | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to proceed in forma pauperis [3] is denied. Plaintiff is given until January 3, 2008, to pay the filing fee and Plaintiff is warned that if he fails to pay the filing fee by January 3, 2008, this action will be dismissed. Plaintiff's motion for appointment of counsel [4] is denied.

■[ For further details see text below.]

Docketing to mail notices.

---

### STATEMENT

This matter is before the court on Plaintiff Kuwandis Davis' ("Davis") motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Davis indicates on his *in forma pauperis* application form that he has no source of income except for what he describes as "[m]oney orders" from "various donors." (IFP Par. 3). He does not list the amounts of these money orders and claims that he does not have more than $200 in cash or any checking or savings account. However, a statement of Davis' prison trust account that was included with his *in forma pauperis* application form indicates that Davis has $1,814.55 in his account and receives an average monthly deposit of $247.50. Davis is currently incarcerated and is provided with the necessities of life by the State of Illinois. *See, e.g., Lumbert v. Illinois Dept. of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987)(stating that prisoners are provided with the necessities of life by the state and that the discretionary funds of the prisoner should be used towards the costs of a lawsuit). Thus, Davis has not shown himself to be sufficiently indigent and we deny the motion for leave to proceed *in forma pauperis*. Davis is given until January 3, 2008, to pay the filing fee and Davis is warned that if he fails to pay the filing fee by January 3, 2008, this action will be dismissed.

Davis also seeks an appointment of counsel. An indigent civil litigant does not have a right to

# STATEMENT

appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 2007 WL 2850448, at *6, *12 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at *7 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel the court should evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, Davis has not indicated that he has made efforts to retain counsel to represent him. Davis states only that he is "unable to retain counsel because of incarceration." (Mot. Apt. Par. 2). Further, this case does not appear overly complex or difficult, factually or legally. Finally, Davis has also not shown himself to be sufficiently indigent to warrant appointment of counsel. We have considered the entire record in this case at this juncture, as it reflects on Davis' ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. We conclude that, based upon the record

| **STATEMENT** |
| --- |
| before us, Davis is competent to present his case without the assistance of appointed counsel.  Therefore, we find that an appointment of counsel is not warranted at this juncture and we deny the motion for appointment of counsel. |