# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6278 | **DATE** | 4/2/2008 |
| **CASE TITLE** | Kuwandis D. Davis (#18880-424) vs. Matthew L. Mahoney | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff Kuwandis Davis' *pro se* motion captioned "emergency motion to apply fees to the appropriate case" [22] is denied.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Kuwandis D. Davis' ("Davis") *pro se* motion captioned "emergency motion to apply fees to the appropriate case." (Mot. 1). Since Davis is proceeding *pro se*, we will construe Davis' motion as a motion for reconsideration of the dismissal of his case. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)(stating that pleadings by a *pro se* litigant are entitled to consideration under "'less stringent standards than formal pleadings drafted by lawyers . . .'")(quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

On December 11, 2007, we denied Davis' motion for leave to proceed *in forma pauperis*. We granted Davis several extensions until March 10, 2008, to pay the filing fee in the instant action, due in part to Davis' representations that there was confusion within the Bureau of Prisons and the Clerk's Office relating to the payment of his filing fee. In granting Davis' final extension until March 10, 2008, to pay the filing fee, we warned Davis that it was incumbent upon him to ensure that the filing fee was paid by the deadline. The deadline passed and Davis failed to pay the fee.

Davis now alleges that his failure to pay the filing fee in the instant action is due to confusion. (Mot. 1). Davis states that he paid the filing fee in another case before this court, when he actually intended to pay

**STATEMENT**

the filing fee in the instant action. (Mot. 2). It is the responsibility of Davis to ensure that the filing fee is properly paid and Davis has failed to do so.

Davis has not shown why this court should reconsider the dismissal of the instant action. We granted Davis a lengthy extension to allow Davis the opportunity to ensure that his filing fee was paid. Davis failed to do so by the deadline and Davis has not shown that this court's dismissal of the instant action was in error. Therefore, to the extent that Davis' motion constitutes a motion for reconsideration of the dismissal of his action, we deny the motion.